IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES THOMPSON,
    Petitioner,

vs.                                          Case No.: 1:15cv264/WTH/EMT

SECRETARY DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 19). The court directed Petitioner to respond to the motion (*see* ECF No. 20), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and this habeas action dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 19).[1]  Petitioner was charged in the Circuit Court in and for Levy County, Florida, Case No. 2010-CF-152, with one count of felony driving while license suspended or revoked (Count I), one count of possession of a controlled substance (cocaine) with intent to sell or deliver (Count II), one count of tampering with physical evidence (Count III), and one count of possession of paraphernalia for storage (Count IV) (Ex. A).  Petitioner entered a no contest plea to the charges (*see* Ex. G at 43–47, 90–106).  On September 22, 2010, the court sentenced Petitioner to a term of ten (10) years in prison on Count I, a term of thirty (30) years in prison on Count II, a term of ten (10) years in prison on Count III, and a term of 183 days in prison on Count IV, with all sentences to run concurrently and with presentence jail credit of 183 days (Ex. B; *see also* Ex. G at 107–67).  Petitioner appealed the

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 19) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 1:15cv264/WTH/EMT

judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-5522 (Ex. C). The First DCA affirmed the judgment per curiam without written opinion on July 26, 2011 (Ex. D). Thompson v. State, 65 So. 3d 1060 (Fla. 1st DCA 2011). The mandate issued August 11, 2011 (Ex. E). The First DCA denied Petitioner's motion for rehearing and/or clarification on September 26, 2011 (Ex. F).

On June 28, 2013, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G at 1–18). The state circuit court summarily denied the motion in an ordered rendered March 2, 2015 (*id.* at 29–35). Petitioner appealed the decision to the First DCA, Case No. 1D15-1572 (Ex. G at 168). On July 15, 2015, the First DCA affirmed the lower court's decision per curiam without written opinion (Ex. H). The mandate issued September 11, 2015 (Ex. I).

Petitioner commenced the instant federal habeas action on November 16, 2015 (ECF No. 1 at 38).[2]

## II.   ANALYSIS

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 19 at 3). Respondent asserts that the finality date is November 9, 2011, which is 90 days from the date of the First DCA's

mandate on direct appeal (*id.*).  Petitioner does not assert that a different statutory trigger applies, nor do his claims suggest such.

The judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court.  The 90-day period runs from the date of entry of the judgment sought to be reviewed.  *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006).  Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."  Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on July 26, 2011, and it expired 90 days later, on October 24, 2011.  Therefore, the statute of limitations began to run on October 25, 2011, the next day.  Petitioner had one year from that date, or until October 25, 2012, to file his § 2254 petition.  *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir.

2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner did not file his federal petition on or before October 25, 2012. Additionally, he had no post-conviction applications pending in the state courts from October 25, 2011, to October 25, 2012; therefore, he does not qualify for statutory tolling.[3] Petitioner has not shown that any other tolling principles apply, or that he is entitled to review of his federal claims through any recognized exception to the time bar.  Therefore, his § 2254 petition should be dismissed as untimely.

III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still

---

[3] Petitioner's Rule 3.850 motion, filed on June 28, 2013, was filed after the federal limitations period expired, and thus could not toll it.  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Case No.: 1:15cv264/WTH/EMT

be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 19) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

Case No.: 1:15cv264/WTH/EMT

At Pensacola, Florida, this 30<u>th</u> day of January 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**